## Broderick, Superintendent of Banks, v. Freedman et al.

*Carl R. May* and *Neff & May*, for plaintiff.

*Herbert B. Cohen*, for defendant Kagen.

*Lauria & Still*, for defendant Freedman.

NILES, P. J., October 20, 1933.—These two cases present substantially the same questions.

They are actions in assumpsit brought by the plaintiff, as Superintendent of Banks of the State of New York, to recover from the defendants the amount of an assessment made by him against the defendants as stockholders in the closed The Bank of the United States.

The statement of claim sets forth that The Bank of the United States is a banking corporation organized under the laws of the State of New York; that on December 11, 1930, the plaintiff in his official capacity took over said bank because its financial condition was such that it could not, with safety and expediency, continue its business; that on said date and prior thereto the defendants were stockholders of record; that the plaintiff in his official capacity subsequently determined that the bank was insolvent to the extent of more than thirty million dollars.

The statement of claim sets forth the appropriate provisions of the Constitution of the State of New York and the statutes thereof, relating to the liability of stockholders of banking corporations to assessment in order to meet the debts and liabilities of such corporations, and authorizing the Superintendent of Banks to make any necessary assessment and to enforce payment thereof; and further avers that the plaintiff, in his official capacity, decided that an assessment of $25 per share, which is an assessment of 100 percent, must be made against each stockholder; that said assessment was duly made pursuant

to the statutes of New York State, and that notice of said assessment was sent to the defendants in accordance with the provisions of the New York law.

Identical affidavits of defense raising questions of law have been filed.

The objections raised on behalf of the defendant are:

(1) There are no averments that the defendant has accepted any part of the constitutional or statutory provisions of the State of New York, and no averment that the defendant at any time or in any manner was subject to any of the constitutional or statutory provisions of the State of New York.

(2) The assessment was made by the Superintendent of Banks without any judicial determination of the amount thereof, but only under the statutory provisions of the State of New York; and such assessment is contrary to the public policy of Pennsylvania, of which State the defendant is a resident.

(3) The plaintiff has no legal standing in the courts of Pennsylvania.

The argument of counsel for defendant most seriously urged was that there was no averment as to how the defendant was brought into any contractual relations with the bank or its liquidator.

The statement avers in its third paragraph that "the defendant on and prior to December 11, 1930, appeared by the books of said The Bank of the United States to be and was the holder and owner of        shares of the capital stock of said bank; and at the same time appeared, and now appears under such name as such holder and owner of the stock upon the stock ledger of said bank."

Defendant's counsel suggests that this is not an averment of anything except that the defendants appeared upon the books of the bank as holders and owners.

The argument is that if the names of the defendants, without their knowledge, consent, or acquiescence appeared upon the books of the bank as stockholders there would be no basis for these actions of assumpsit; that it is incumbent upon the plaintiff to allege and prove the method by which the defendants became holders and owners of shares.

This proposition does not seem to be valid in view of that part of the averment that each defendant "was the holder and owner of shares".

This places upon the defendants the burden of denial. If their names appear upon the books of the bank as stockholders when they are not really stockholders, it is incumbent upon them to state the facts contradicting the averment of the statement that they were holders and owners of stock.

As to the general proposition of the defendant that the plaintiff, as Superintendent of Banks of the State of New York, has no standing upon the averments to maintain these actions, it would seem that the statement in the Proposed Final Draft No. 1 of the American Law Institute's Restatement of the Law of Conflict of Laws may well be valid.

Section 203 provides: "The existence and extent of the liability of a shareholder for assessments or to contribute to the corporation for the payment of debts of the corporation is determined by the law of the state of incorporation".

Section 204 provides: "The liability of a shareholder to contribute to the corporation can be enforced in any state which provides a remedy adapted to the purpose".

The reporter points out that, under the section, where additional liability has been imposed upon the shareholder by the law of the incorporating State, a receiver of the corporation can sue a shareholder in any state to recover the amount of the shareholder's obligation.

We follow the opinion of Judge Heiligman in the recent case of Broderick, Superintendent of Banks, v. Stephano, 19 D. & C. 178.

The questions involved in these cases before this court are substantially the same and are well met by that opinion.

We cannot say that upon the facts averred the plaintiff is not entitled to recover.

Therefore the questions of law raised by the affidavits of defense in each of the above entitled actions are decided against the defendant, and leave is granted to each defendant to file a supplemental affidavit of defense to the averments of facts of the statement of claim within 15 days.

From George Hay Kain, York, Pa.